WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>v.<br><br>Richard Davis,<br><br>           Defendant. | No. CR-09-00131-PHX-DGC<br><br>**ORDER** |

Defendant Richard Davis is an inmate with the Federal Bureau of Prisons ("BOP"). He has filed a motion for compassionate release under 18 U.S.C. § 3582(c). Doc. 89. The motion is fully briefed. Doc. 92, 93. The Court will deny the motion.

**I.    Background.**

In 2009, a grand jury charged Defendant with multiple counts of possessing and transporting child pornography. Doc. 1. He pled guilty to count one of the indictment (Docs. 47, 56), and the Court imposed a 15-year sentence on March 30, 2010 (Doc. 57).

Defendant currently is housed at the federal residential reentry center in Phoenix, Arizona. *See* Federal BOP, *Find an inmate*, https://www. bop.gov/inmateloc/ (last visited Mar. 23, 2022). His earliest projected release date is November 7, 2022. *See id.*; Docs. 89 at 22-23, 92 at 2.

Defendant asked the warden at his prior facility, the federal medical center in Rochester, Minnesota, for compassionate release. Doc. 89 at 11. The request was denied on April 19, 2021. *Id.* at 12-13.

Defendant filed his motion for compassionate release, through appointed counsel, on December 30, 2021. *See id.* The government filed a response on January 24, 2022, and Defendant filed a reply on February 8. Docs. 92, 93.[1]

## II.     Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act.

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018 ("FSA"). Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020). Section 3582(c) previously provided for compassionate release only upon motion of the BOP. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). As amended by the FSA, § 3582(c) now permits motions for compassionate release by defendants. *See id.*

A defendant may bring a motion under § 3582(c) only after (1) requesting the BOP to make such a motion on his behalf, and (2) exhausting all administrative appeals after the BOP has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier. § 3582(c)(1)(A); *see United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) ("Joining the unanimous consensus of our sister circuits, we hold that § 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced[.]"). The amended version of § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable, if it finds that –

---

[1] The Court delayed ruling on the motion until after February 28 to give identified victims the opportunity to exercise any rights they may have under the Crime Victims' Rights Act. *See* Docs. 94, 95.

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

### III. Defendant's Motion.

The burden rests with Defendant "to provide proof that [he] has met the exhaustion criteria set forth in § 3582(c)(1)(A) and to establish that 'extraordinary and compelling reasons exist' to warrant [his] release." *United States v. Packard*, No. 19CR3886-H, 2021 WL 4751173, at *2 (S.D. Cal. Oct. 12, 2021). Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement because he filed the present motion more than 30 days after he submitted his administrative request for compassionate release. *See* Docs. 89 at 3, 92 at 5-6.

Defendant seeks release under § 3582(c)(1)(A) due to the ongoing COVID-19 pandemic, his age (70 years old), and medical conditions – HIV infection, chronic kidney disease, squamous cell carcinoma, and obesity. Doc. 89 at 5-6, 16-18. The government argues that Defendant's motion should be denied because he has not shown extraordinary and compelling reasons, he is a danger to the community, and the sentencing factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of early release. Doc. 92 at 1, 9-11.

Section 3582(c) does not define "extraordinary and compelling reasons," and there is no policy statement that applies to § 3582(c)(1)(A) motions filed by defendants. The Sentencing Commission's policy statements in U.S.S.G § 1B1.13 – which apply to § 3582(c)(1)(A) motions filed by the BOP – "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The Sentencing Commission has identified four circumstances that may qualify for compassionate release under § 3582(c)(1)(A): serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).

The following medical conditions can constitute extraordinary and compelling reasons justifying compassionate release:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)[.]
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§ 1B1.13, application note 1(A).

Defendant suffers from HIV, kidney disease, and obesity – conditions that the Centers for Disease Control and Prevention ("CDC") has found can make a person more likely to get severely ill from COVID-19.  *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 23, 2022).  The CDC also has found that older adults are at highest risk of getting very sick from COVID-19.  *See id.*

The COVID-19 pandemic and Defendant's age and medical conditions generally would support a finding of extraordinary and compelling reasons for compassionate release.  *See* Doc. 92 at 8.  But Defendant contracted COVID-19 in October 2020 and experienced only mild symptoms.  *See* Doc. 89 at 6.  While reinfections do occur, the CDC has found that "[a]fter recovering from COVID-19, most individuals will have some protection from repeat infections."  CDC, *Reinfections and COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Mar. 23, 2022).  Courts in this circuit "have held that 'the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release.'"  *United States v. Nash*, No. CR-03-00059-PHX-JAT, 2021 WL 1969729, at *2 (D. Ariz. May 6, 2021) (quoting *United States v. Risley*, No. 1:12-CR-0363 AWI, 2020 WL 4748513, at *6 (E.D. Cal. Aug.

17, 2020)); *see United States v. Purry*, No. 2:14-cr-00332-JAD-VCF-1, 2020 WL 5909793, at *2 (D. Nev. Oct. 6, 2020) (denying compassionate release where the defendant failed to show that he would be "more susceptible to the virus a second time"). The Court finds that the chance of a COVID-19 reinfection "simply does not meet the bar for an extraordinary and compelling reason warranting release." *United States v. Ieremia*, No. 16-CR-00744-DKW-1, 2021 WL 67313, at *4 (D. Haw. Jan. 7, 2021); *see United States v. Logan*, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) ("Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted – and beaten – the virus."); *United States v. Newman*, No. 3:17-CR-00448-BR, 2021 WL 2593763 (D. Or. June 24, 2021) ("[T]he Court finds persuasive the reasoning in the above cases regarding individuals who contracted and recovered from COVID-19. . . . [T]he Court concludes Defendant has not established an extraordinary or compelling reason for compassionate release[.]") (citations omitted).

Additionally, Defendant is now fully vaccinated against COVID-19. He received a second dose of the Moderna vaccine on March 22, 2021 and a booster on November 10, 2021. *See* Doc. 92-1. According to the CDC, "authorized vaccines in the [United States], including the Moderna vaccine, 'are highly effective at protecting vaccinated people against symptomatic and severe COVID-19.'" *United States v. Upshaw*, No. 1:14-CR-00256, 2021 WL 2417012, at *1 (E.D. Cal. June 14, 2021) (quoting CDC, COVID-19, *Interim Public Health Recommendations for Fully Vaccinated People*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fullyvaccinated-guidance.html); *see also United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("According to the CDC, the Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials.") (quoting CDC, *Information About the Moderna COVID-19 Vaccine*, https://www.cdc.gov/coronavirus/2019ncov/vaccines/different-vaccines/Moderna.html). Defendant's vaccination significantly mitigates his risk of becoming severely ill from COVID-19, and the chance of contracting COVID-19 a

second time does not present an extraordinary and compelling reason to grant compassionate release.  *See* Doc. 93 at 8.

Indeed,"[m]any courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health conditions." *United States v. Hayes*, No. 4:17-CR-00289-DCN, 2021 WL 2533517, at *3 (D. Idaho June 21, 2021) (citations omitted); *see also United States v. Nash*, No. CR-03-00059-001-PHX-JAT, 2021 WL 1969729, at *1 (D. Ariz. May 6, 2021) (denying compassionate release to a vaccinated defendant even though he was overweight and suffered from chronic kidney disease, heart failure, hypertension, and diabetes); *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 846 (D. Ariz. 2021) ("Although Baeza-Vargas's age [and medical conditions] make her more likely to suffer serious complications from COVID-19, the FDA has concluded that the Moderna COVID-19 vaccine is 95% effective at preventing infection and virtually entirely effective in preventing severe disease, including in participants with comorbidities. . . . Under these circumstances, the Court does not find that Baeza-Vargas has shown extraordinary and compelling reasons warrant[ing] a reduction in her sentence.") (citations omitted); *United States v. Cortez*, No. CR-18-00858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) ("The Court cannot conclude, particularly in light of his vaccination, that Defendant's current exposure to COVID-19 presents 'extraordinary and compelling reasons' to justify his release."); *United States v. Bongiorni*, No. CR16-109RSL, 2021 WL 2413348, at *4 (W.D. Wash. June 14, 2021) (noting that "[c]ourts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release") (citations omitted).

Because Defendant already has "been infected and vaccinated, his [age and] chronic medical conditions . . . do not amount to an extraordinary and compelling reason to warrant compassionate release." *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021); *see United States v. Lipsey*, No. CR-07-0120800-1-PHX-GMS, 2022 WL 180725, at *2 (D. Ariz. Jan. 20, 2022) ("While

Defendant's underlying medical conditions might increase his risk of contracting COVID-19 in a vacuum, they do not warrant a reduction of his sentence when viewed alongside his prior infection and vaccination status. . . . Recent studies have . . . indicated that individuals who have recovered from COVID-19 and then obtained a vaccine experience even greater protection against severe cases of COVID-19 were they to be reinfected.") (citations omitted); *United States v. Millard*, No. CR-15-01391-PHX-DGC, 2022 WL 279596, at *5 (D. Ariz. Jan. 31, 2022) (finding that the defendant's advanced age and serious medical conditions do not constitute extraordinary and compelling reasons for early release because his "case of COVID-19 was not severe and he is now vaccinated against the virus").[2]

**IT IS ORDERED** that Defendant's motion for compassionate release (Doc. 89) is **denied**.

Dated this 28th day of March, 2022.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[2] Because Defendant has not established the requisite extraordinary and compelling reasons, the Court need not decide whether the factors set forth in § 3553(a) support compassionate release or whether Defendant still poses a danger to the community. *See* Docs. 89 at 7-8, 92 at 11; *see also Keller*, 2 F.4th at 1284 ("[A]lthough a district court must perform the sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step.") (emphasis in original); *United States v. Swanson*, 857 F. App'x. 411, 412 (9th Cir. 2021) ("[A] district court may deny a compassionate release motion on the sole ground that the defendant did not show an 'extraordinary and compelling' reason for release[.]").

7